```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


   DAVID ERVIN & ASSOCIATES,                CIVIL ACTION
   LLC

   VERSUS                                   NO: 10-4166

   BLENDCO, INC.                            SECTION: J(5)
```

### ORDER AND REASONS

Before the Court are Defendant Blendco, Inc.'s, ("Blendco") **Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, Alternatively, to Transfer Venue (Rec. Doc. 12)** and **Supplemental Memorandum in Support (Rec. Doc. 16)**, Plaintiff David Ervin & Associates, LLC's, ("Ervin") **Memorandum in Opposition (Rec. Doc. 19)**, and Blendco's **Reply Memorandum in Support (Rec. Doc. 22)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This case arises from a failed attempt at agreement to a business relationship between Ervin, a Louisiana limited liability company with its principal place of business in Jefferson Parish, Louisiana, and Blendco, a Mississippi corporation with its principal place of business in Hattiesburg,

1

Mississippi. Ervin developed certain drink mix formulas at its plant in Jefferson Parish, and Blendco was to manufacture these drink mix formulas at its Hattiesburg facility. The drink mixes would then be sold and delivered to a single customer in Texas, Mid-State Services, Inc. ("MSSI").

During the course of negotiations, David Ervin visited Blendco's facility in Hattiesburg on numerous occasions. Blendco's CEO, Charles McCaffrey, came to Louisiana on two occasions to meet with Mr. Ervin regarding packaging issues for the drink mix products. Product components were shipped from Ervin in Louisiana to Blendco in Hattiesburg, and test batches of the product were produced at the Hattiesburg facility. The parties also corresponded by e-mail and telephone for the majority of their negotiations surrounding the pending business deal. In early 2010, although full details of the business relationship between Ervin and Blendco were yet to be finalized, Blendco began producing batches of the drink mix formulas at its Hattiesburg facility. From March 2010 through July 2010, MSSI sent purchase orders from its Texas address to Blendco's Hattiesburg facility. The product was then mixed at the Hattiesburg facility, invoiced from the Hattiesburg facility, and shipped from Hattiesburg directly to MSSI in Texas.

In September 2010, negotiations between Ervin and Blendco broke down, and the project was terminated.  On October 25, 2010, Ervin filed suit against Blendco in Louisiana state court, and Blendco removed the action to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  Blendco now moves the Court to dismiss this action for lack of personal jurisdiction over Blendco in Louisiana or, alternatively, to dismiss or transfer this action as being filed in an improper venue.  Ervin opposes the motion.

## THE PARTIES' ARGUMENTS

Blendco contends that this action should be dismissed for lack of personal jurisdiction or transferred as being filed in an improper venue.  Blendco states that it has no business presence in Louisiana that would establish general personal jurisdiction and that sufficient minimum contacts do not exist between Blendco and Louisiana to establish specific personal jurisdiction. Blendco argues that, according to the Fifth Circuit Court of Appeals, its negotiations with Ervin by e-mail and telephone and Mr. McCaffrey's two isolated visits to Louisiana likewise do not create sufficient minimum contacts or establish that Blendco intended to avail itself of the privilege of doing business in Louisiana.  Alternatively, Blendco contends that venue is

improper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(a) because Blendco does not reside in this district, no substantial part of the events giving rise to Ervin's claim occurred in this district, and Blendco is not subject to personal jurisdiction in Louisiana.  Finally, Blendco argues that even if the Court finds that jurisdiction and venue are proper, it should dismiss or transfer the action to the Southern District of Mississippi for the convenience of the witnesses and the parties and in the interest of justice pursuant to 28 U.S.C. § 1404(a).

    Ervin does not dispute Blendco's argument that general personal jurisdiction does not exist, but it argues that a single act directed at the forum state can be enough to establish specific personal jurisdiction over Blendco.  Ervin argues that either of Mr. McCaffrey's visits to Louisiana is a single act that is sufficient to establish specific personal jurisdiction over Blendco.  Ervin then goes on to describe several of its own actions in furtherance of the inchoate business relationship that took place in Louisiana and its interactions with MSSI in Texas in order to demonstrate that several of the events surrounding the business deal took place in Louisiana.  Ervin next contends that venue is proper in the Eastern District of Louisiana.  In

Polizzi v. Cowles Magazines, Inc., the United States Supreme Court held that § 1391(a) is inapplicable in a case that is removed from state court. 345 U.S. 663, 665 (1953). The venue for removed actions is governed by 28 U.S.C. § 1441(a), which expressly provides that the proper venue for a removed action is the district embracing the place where the action is pending—in this case, the Eastern District of Louisiana. Id.; see 28 U.S.C.A. § 1441(a). Finally, Ervin argues that Blendco has failed to demonstrate that another forum is more convenient to the parties and the witnesses to justify transfer of this matter from the Eastern District of Louisiana.

Blendco replies to Ervin's arguments and reasserts that specific personal jurisdiction does not exist. First, Blendco states that Ervin's argument that a single act may confer specific personal jurisdiction is misguided and taken out of context. In Latshaw v. Johnston, the Fifth Circuit opinion upon which Ervin relies, the court stated that "a single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted . . . ." 167 F.3d 208, 211 (5th Cir. 1999). Blendco argues that neither of Mr. McCaffrey's visits to Louisiana gave rise to Ervin's civil action, so they cannot establish the

minimum contacts necessary for specific personal jurisdiction. Furthermore, in Hydrokinetics, Inc. v. Alaska Mechanical, Inc., the Fifth Circuit held that, considering the totality of the circumstances, specific personal jurisdiction did not exist when a defendant corporation sent two officers to the forum state on two occasions, once to inspect the plaintiff's facilities and once to resolve a contract dispute.  700 F.2d 1026, 1029-30 (5th Cir. 1983).  Blendco argues that the totality of the circumstances in the instant matter, including Mr. McCaffrey's two visits to Louisiana, are in line with the Hydrokinetics decision.  Finally, Blendco states that Ervin's description of its actions in Louisiana and its interaction with MSSI in Texas are irrelevant to the consideration of whether specific personal jurisdiction exists over Blendco, which is only dependent on Blendco's actions in the forum state.

## DISCUSSION

The Due Process Clause of the Fourteenth Amendment limits the power of a state to assert personal jurisdiction over a non-resident defendant.  See Pennoyer v. Neff, 95 U.S. 714, (1877). Thus, a federal court sitting in diversity must determine whether the non-resident defendant has the necessary minimum contacts with the forum state in order to establish personal jurisdiction.

Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction. Id.

A court may exercise specific personal jurisdiction over a non-resident defendant when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there and (2) the controversy arises out of or is related to the defendant's contacts with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-76 (1985); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-19 (1984). The focus of this inquiry is on the relationship between the defendant, the forum, and the litigation. Helicopteros Nacionales, 466 U.S. at 414. In a breach of contract case specifically, in order to determine whether a party purposefully availed itself of the forum state, the court must evaluate "'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . .'" Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting Burger King, 471 U.S. at 463).

General personal jurisdiction may be found when the

defendant's contacts with the forum state are substantial, continuous, and systematic even though the cause of action does not arise out of or relate to the defendant's activities in the forum state.  <u>Helicopteros Nacionales</u>, 466 U.S. at 414-19.  The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."  <u>Johnston</u>, 523 F.3d at 609.  To confer general jurisdiction, a defendant must have a business presence in the forum state.  <u>Access Telecom, Inc. v. MCI Telecomm. Corp.</u>, 197 F.3d 694, 717 (5th Cir. 1999).

   In this case, the Court finds that Blendco does not have the minimum contacts with Louisiana necessary to support the exercise of specific personal jurisdiction.  As described above, all of Blendco's significant actions during the ongoing business negotiations and beginning of production occurred in Mississippi, not in Louisiana.  While several negotiations were performed through e-mail and telephone, the Court does not find that these actions are enough to establish the purposeful available element required for specific personal jurisdiction.  Moreover, when considering the totality of the circumstances, the Court does not find that the two visits made by Mr. McCaffrey to Louisiana are enough to create the necessary minimum contacts since those

visits did not give rise to Ervin's civil action.  Blendco's significant actions that did give rise to this cause of action all occurred in Mississippi.  Finally, the Court finds that Ervin's reference to its activities pursuant to the contract are irrelevant for determining specific personal jurisdiction over Blendco, and it has not established sufficient facts in support of specific personal jurisdiction to counter Blendco's arguments that such jurisdiction does not exist.

With regard to general personal jurisdiction, Ervin does not seem to dispute that this jurisdiction does not exist.  Likewise, the Court finds that general personal jurisdiction cannot be established because there are no facts in this case to indicate that Blendco has a business presence in Louisiana with substantial, continuous, and systematic contacts with this state.  Blendco is a Mississippi corporation with its principal place of business in Hattiesburg, Mississippi, and neither party has offered facts indicating any sort of business or continuing relationship with Louisiana.  Because the Court finds that neither specific nor general personal jurisdiction exists, the issues regarding venue do not need to be addressed.

Accordingly, **IT IS ORDERED** that Defendant's **Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or,**

**Alternatively, to Transfer Venue (Rec. Doc. 12)** is **GRANTED**.

New Orleans, Louisiana, this 19th day of April, 2011.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE